UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MELODIE J. HUGHES and
JAMES W. HUGHES,                                          Case No. DG 14-03314
                                                         Hon. Scott W. Dales

                    Debtors.
_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

The court held a hearing in Grand Rapids, Michigan on May 27, 2015 to consider, on its own initiative, the First Application for Allowance of Attorney Fees and Expenses of Attorneys for Trustee (the "Fee Petition," DN 62). The Trustee's attorney, Larry Ver Merris, Esq., appeared and argued in support of the Fee Petition. After considering the argument, the court took the matter under advisement.

As the court explained during the hearing, it is concerned about the amount of time that Mr. Ver Merris spent on securing the appointment of the realtor, RE/MAX River Valley Realtors (the "Realtor"). Without including the time spent in negotiating and revising the listing agreement, or discussing the terms of the proposed sale, it appears from the Fee Petition that Mr. Ver Merris spent 2.2 hours in actually drafting the application to appoint the Realtor, the related affidavit of the Realtor, the certificate of service, the certificate of no objection, and the proposed order. *See* Fee Petition at DN 62-1 (time entries for 11/24/14, 12/08/14, 12/09/14). At the hearing, Mr. Ver Merris explained that he may have expended extra time in preparing the application to appoint the Realtor because, rather than drafting the application and related

documents all at one time, he periodically revisited the document and needed to re-familiarize himself with the proposed appointment each time. He further explained that he had not worked with the Realtor previously and that the "on and off" situation with the underlying real estate listing resulted in the extra time on the draft application.

The itemization attached to the Fee Petition reveals considerable time spent in discussing the listing agreement with the Realtor, but the court is not challenging that. Rather, it is more concerned with the time spent in drafting the petition to employ the Realtor and related boilerplate documents -- as opposed to the negotiations over the terms of the engagement. Mr. Ver Merris is an experienced practitioner who for years has represented trustees on whose behalf he has sought the appointment of countless realtors and other professionals under § 327 using substantially similar documents likely saved as easy-to-revise word processing forms. The drafting of an employment application is a relatively perfunctory, form-based task that ought not to have taken over two hours to accomplish. Mr. Ver Merris has justified some of the extra time in this case based on the changes to the listing agreement, but the time spent on the actual drafting is inordinate.

Although Mr. Ver Merris has requested 2.20 hours for simply drafting and filing the formal appointment papers, and although the court does not doubt the veracity of his itemization, the time requested is excessive. The court will, therefore, reduce the award by $330.00, representing a reduction of 1.20 hours multiplied by the unchallenged hourly rate ($275.00 per hour). In sum, Mr. Ver Merris requests $8,198.83 but the court will award only $7,868.83.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Fee Petition is GRANTED in part and DENIED in part, and fees and expenses are AWARDED in the total amount of $7,868.83.

IT IS FURTHER ORDERED that the Trustee may pay his counsel $7,868.83 as an expense of administration in accordance with his usual practice, either as part of an interim or final distribution, as the circumstances of the case and the Trustee's judgment dictate.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Larry A. Ver Merris, Esq., John A. Porter, Esq., and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 29, 2015**



Scott W. Dales
United States Bankruptcy Judge